1 Larry P. Karandreas, Esq.
Bar No.: 012213
2 Law Offices of Larry P. Karandreas, P.L.L.C.
11024 North 28th Drive, Suite 200
3 Phoenix, Arizona 85029
623.487.1670
4 monesq@cox.net
Attorney for the Debtors

5

6 **UNITED STATES BANKRUPTCY COURT**

7 **DISTRICT OF ARIZONA**

| | |
|---|---|
| 8  In re | Case No. 2:12-bk-9069 PHX-GBN |
| 9  Yvette Denise McDonald | **AMENDED CHAPTER 13 PLAN AND WAIVER OF INTERIM PLAN PAYMENTS AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES** |
| 10  SSN ***-**-1397 and | |
| 11  Keith Lanaire McDonald | |
| 12  SSN ***-**-5907 | Amended |
| 13  11016 W. Amelia Ave. Avondale, AZ 85392 | |
| 14 | |
| 15  Debtors. | |

16 This Plan may affect creditor rights. If you object to the treatment of your claim as proposed in this Plan,

17 you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan

18 served on parties in interest. If this is a joint case, then "Debtor" means both Debtors. This plan does not

19 allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof

20 of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to

21 file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in §

22 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an

23 objection to the Plan.

24 ☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:

25 The debtors' income amounts fell and as a result they were unable to make the requisite plan payments.

26 The Debtors assert with the current changes made to their budget as well as changes to their plan as set

27 forth herein that they will be able to complete their reorganization efforts.

28

(A) **Plan Payments and Property to be Submitted to the Plan.**

    (1)    Plan payments start on May 26, 2012. The Debtor shall pay the Trustee as follows:

        $950.00 each month for month **1** through month **3** (May 2012 to July 2012)

        $0.00 each month for month **4** through month **11** (August 2012 to March 2013)

        $571.00 each month for month **12** through month **16** (April 2013 to August 2013)

        $620 each month for month **17** through month **29** (September 2013 to September 2014)

        $643 each month for month **30** through month **60** (October 2014 to April 2017)

The proposed plan duration is sixty months. The applicable commitment period is thirty-six months. Section 1325(b)(4).

    (2)    Debtor will submit the following property in addition to plan payments: NONE

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%. .

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims**. Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

    (1)    Adequate protection payments. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the may file**

**an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| Arizona Federal Credit Union | 2004 Mercedes-Benz SL Class | $204.00 |

❑ See Section (J), Varying Provisions.

(2) *Administrative expenses*. Section 507(a)(2).

(a) Attorney fees. Debtor's attorney received $1,000.00 before filing. The balance of $5,500.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

(b) Other Administrative Expenses.

■ See Section (J), Varying Provisions.

(3) **Leases and Unexpired Executory Contracts**. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

(a) Assumed: NONE

(b) Rejected:

| Creditor | Property Description |
|---|---|
| Greenwood & McKenzie | Business Lease |

❑ See Section (J), Varying Provisions.

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property*. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount

3

in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's allowed proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Value of Collateral and Valuation Method | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| Bank of America<br><br>Single-Family Home located at 11016 W. Amelia Ave. Avondale, AZ 85392 | $200,000.00<br>Comparable homes the in area. | None to be paid through the plan as the debtors are undergoing a loan modification. | N/A |
| Bank of America<br>Second-lien interest<br>Single-Family Home located at 11016 W. Amelia Ave. Avondale, AZ 85392 | $200,000.00<br>Comparable homes the in area. | N/A second mortgage to be stripped pursuant to the holding of *In re Zimmer*, 313 F.3rd 1220 (9th Cir. 2002) | N/A |
| Garden Lakes Community Association | $200,000.00<br>Comparable homes in the area | $500.00 | 0.0% |

■ See Section (J), Varying Provisions.

(5) *Claims Secured by Personal Property or a Combination of Real and Personal Property.* Pursuant to § 1325(a), a secured creditor listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| Arizona Federal Credit Union/ 2004 Mercedes-Benz SL Class | $51,335.00 | $20,400.00<br><br>Appraisal.[1] | $15,000.00 | 5.25 % |

---

[1] Vehicle needs extensive repairs to bring it to a marketable condition. Appraisal is available on request.

4

LARRY P. KARANDREAS, P.L.L.C.
11024 NORTH 28TH DRIVE, SUITE 200
PHOENIX, ARIZONA 85029
623.487.1670

■ See Section (J), Varying Provisions.

(6) *Priority, Unsecured Claims.* All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

    (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments. NONE

    (b) Other unsecured priority claims. None

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| Arizona Department of Revenue | All personal income taxes due as of the date of filing. | $122.19 |

■ See Section (J), Varying Provisions.

(7) *Codebtor Claims.* The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims. NONE

❑ See Section (J), Varying Provisions.

(8) *Unsecured Nonpriority Claims.* Allowed unsecured nonpriority claims shall be paid pro rata the balance of payments under the Plan.

■ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive no distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent*

*with this provision, the Trustee need not make any distributions to that creditor.*

| Claimant | Property to be surrendered |
|---|---|
| GE Money Bank | 2008 Suzuki Motorcycle |
| Capital One Auto Finance | 2004 Lincoln Navigator SUV |

◼ See Section (J), Varying Provisions.

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a prepetition retainer of $1,000.00, to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

❑ (1)(a) **Flat Fee**. N/A

◼ (2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $275.00 per hour for attorney time and $125.00 per hour for paralegal time.

❑ See Section (J), Varying Provisions.

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: The 2004 Mercedes-Benz SL Class and the 2004 Lincoln Navigator SUV VIN 5LMFU28R94LJ29414, and such disposable income as is necessary to fund this, or any subsequent plan.

❑ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: NONE

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G) and (I):

6

(1) As to paragraph A.1. the following provisions shall apply:

If other property is submitted to the Trustee, other than property recovered by the Trustee or property which is non-exempt, such property shall be treated as advance monthly payments, unless otherwise ordered by this Court, and/or the debtor(s) is a below median income debtor, but in no event will the term of the Plan be reduced to less than 36 months unless all claims are paid in full. Any increase in disposable income during the first 36 months of the plan is to be reported to the Trustee and treated in the plan as supplemental funds to augment the plan.

(2) As to paragraph C.4. the following provisions shall apply:

Debtor shall modify the treatment of second lien owed to Bank of America, as secured creditor and shall file a Motion to Avoid the lien or an Adversary Proceeding to determine the validity or extent of the lien held by Bank of America, second lien, and to the extent that the lien is found to be wholly unsecured to avoid the lien pursuant to the holding of ***In re Zimmer***, 313F.3rd 1220 (9th Cir. 2002). In the event it is held that the creditor's claim is unsecured, at the successful conclusion of the chapter 13 plan the creditor shall be required to record a Deed of Release and Reconveyance or such similar document evidencing that the recorded lien has been stripped and the creditor no longer holds a secured claim against the subject property.

ALL CLAIMS SECURED BY REAL PROPERTY ARE REQUIRED TO GIVE NOTICE OF CHARGES TO DEBTOR, DEBTORS' ATTORNEY AND TRUSTEE: The holder and/or servicer of a mortgage claim shall provide the debtors, debtors' attorney and trustee a notice of any fees, expenses, or changes which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contends are (1) allowed by the Note and Deed of Trust and applicable non-bankruptcy law, and (2) recoverable against the debtors of the debtors' account. The notice shall be sent annually, beginning within 30 days of the date one year after the entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009. The failure of a holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses, or charges accrued during that year, and the holder and/or service shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or

7

the debtors' account during the case or after entry of the order granting a discharge. Unless the Court orders otherwise, an order granting a discharge in this case shall be a determination that all pre-petition and post-petition defaults with respect to the debtors' mortgage account are deemed current and reinstated on the original payment schedule under the Note and Deed of Trust as if no default had ever occurred.

The amount paid herein, or as adjusted pursuant to a Proof of Claim, shall include all charges due and owing as of the date of filing, including any late charges. No further late charges will be assessed for pre-petition debt.

Debtor(s)' homestead exemption in the property described herein is allowed. The debtor(s) may use the property in any manner, and may transfer, encumber, or sell the property without further order of this Court, provided however that all liens of the secured creditors in this subsection are satisfied and paid in full through escrow or other transfer of payment satisfactory to the parties herein. The lien of the secured creditor(s) listed shall remain unaffected by this Plan. The balance of any identifiable cash proceeds from the sale of the property shall accrue to debtor(s), but only to the extent of the dollar amount of debtor(s)' homestead exemption. Any excess funds must be turned over to the trustee for appropriate distribution. As used herein, a secured claim does not include a judgment lien filed against the real property or any other involuntary lien.

Post-petition property tax liabilities shall be paid by the debtor outside the plan unless otherwise provided for herein.

**NOTICE TO MORTGAGE HOLDERS**

Please **file** your Proof of Claim immediately, including a breakdown of the arrears specifying all fees and costs. **Send** a copy of your Proof of Claim, including your phone number to **The Law Offices of Larry P. Karandreas, P.L.L.C., 11024 North 28th Drive, Suite 200, Phoenix, AZ 85029.** If the arrears set forth herein do not comport with your Proof of Claim and we can verify the amount of arrears stated in your Proof of Claim, then we will adjust the arrearage to be consistent with your claim in the order to be submitted to the court.

(3) As to paragraph C.5. the following provisions shall apply:

The creditors listed shall retain their liens as required by 11 U.S.C. §1325(a)(5)(B)(i), but only to the extent of the allowed amount of their claim consistent with 11 U.S.C. § 506(a). In the event the plan

8

calls for payment in full of the secured claim during the course of the plan, but prior to discharge, retained liens in such secured claims shall be satisfied.

The Trustee has authority to pay on the secured debt(s) owed to the following creditor(s) even though the creditor(s) has (have) not filed a secured Proof of Claim.

Where appropriate, the method used for valuation of collateral is as follows: for a vehicle, current mid-blue book value as of the date of filing; for other collateral, the value that a person would give to purchase the collateral under normal selling conditions.

(4) As to paragraph C.8 the following provisions shall apply:

Unless excepted from discharge, or are claims that are otherwise designated in the schedules filed as disputed, contingent or unliquidated, or are otherwise not subject to collection under state law due to the expiration of the applicable statute of limitations, or other affirmative defenses such as estoppel, laches, and res judicata, all other claims shall be classified as general non-priority unsecured. All remaining funds shall be disbursed pro rata to holders of allowed unsecured claims at such times and in such amounts as the Trustee determines.

The amount to be provided to unsecured claims can change without notice by the time this plan is confirmed. If an unsecured claimant wishes to ensure that its claim receive the same payout as provided by this plan, an objection to confirmation is necessary to preserve the treatment of the claim.

---

(K) **Plan Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | | |
|---|---|---:|
| (1) | Trustee's compensation (10% of plan payments) | $ 3,063.00 |
| (2) | Ongoing post-petition mortgage payments | $ 0.00 |
| (3) | Administrative expenses and claims | $ 5,500.00 |
| (4) | Priority claims | $ 123.00 |
| (5) | Prepetition mortgage or lease arrears, or amount to cure defaults, including interest | $ 500.00 |
| (6) | Secured personal property claims, including interest | $ 17,900.00 |
| (7) | Amount to unsecured nonpriority claims | $ 5,721.00 |
| | **Total of Plan Payments** | $ 33,698.00 |

(L) **Section 1325 analysis.**

    (1) Best Interest of Creditors Test:

| | | |
|---|---|---:|
| (a) | Value of debtor's interest in nonexempt property | $ 9,384.00 |
| (b) | Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ 2,655.00 |
| (d) | Less: Amount payable to unsecured, priority creditors | $ 123.00 |
| (e) | **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | $ 6,606.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2) Section 1325(b) Analysis:

| | | |
|---|---|---:|
| (a) | Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income | $ 0.00 |
| (b) | Applicable Commitment Period | X 60 |
| (c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60 | $ 0.00 |

(M) Estimated Amount to Unsecured Nonpriority Creditors Under Plan . . . . . . . . . . . $ 0.00

Dated 4/24/13

/s/ ydm  
Yvette Denise McDonald  
Debtor

/s/ klm  
Keith Lanaire McDonald  
Debtor

/s/ lpk012213  
Law Offices of Larry P. Karandreas, P.L.L.C.  
Attorney for Debtor

LARRY P. KARANDREAS, P.L.L.C.
11024 NORTH 28TH DRIVE, SUITE 200
PHOENIX, ARIZONA 85029
623.487.1670